[Cite as *Rojas v. Rojas*, 2012-Ohio-2978.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CARMEN ROJAS

    Appellant

    v.

PEDRO ROJAS

    Appellee

C.A. No.     11CA0084-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    10 DR 0219

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

BELFANCE, Judge.

{¶1}   Plaintiff-Appellant Carmen Rojas ("Wife") appeals from the judgment entry of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we reverse and remand this matter for proceedings consistent with this opinion.

I.

{¶2}   Defendant-Appellee Pedro Rojas ("Husband") and Wife were married on December 27, 1978. At the time of the proceedings, the parties had no minor children. On April 16, 2010, Wife filed a complaint for divorce. A hearing was scheduled for March 15, 2011. At the hearing, the parties read into the record a settlement agreement, which Husband's attorney was to reduce to writing. Wife filed objections to the proposed judgment entry on April 14, 2011, and again on June 8, 2011. On June 1, 2011, Wife filed a motion to set aside the settlement agreement. Husband filed a response to Wife's objections and a proposed judgment entry. A hearing on Wife's motions was scheduled for July 6, 2011, although it appears that,

instead, on that date, counsel for the parties met in chambers with the trial court. Wife filed a motion seeking leave to respond to Husband's response on July 14, 2011. The trial court issued a judgment entry of divorce on July 18, 2011, without specifically addressing Wife's objections and without ruling on Wife's motions. Wife has appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO SET ASIDE THE SETTLEMENT PRIOR TO ASSIGNING [SIC] THE PROPOSED JUDGMENT ENTRY OF DIVORCE.

{¶3} Wife asserts in her first assignment of error that the trial court erred in failing to hold an evidentiary hearing on her motion to set aside the settlement agreement. For the reasons set forth below, we agree.

{¶4} "The result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997). "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Id.* at syllabus. "In the absence of such a factual dispute, a court is not required to conduct such an evidentiary hearing." *Id.* at 377. The Seventh District has noted that:

> In order to legitimately dispute a settlement agreement, the movant must make an argument stating the basis for challenging the settlement agreement with sufficient specificity to put the opposing party on notice of the general evidentiary basis for such a claim. If the motion does not give some indication that the party will be able to produce some evidence which could legitimately challenge the purported settlement agreement, then a trial court need not hold an evidentiary hearing on that issue.

*Maury v. Maury,* 7th Dist. No. 06 CA 837, 2008-Ohio-3326, ¶ 51.

{¶5} In Wife's motion to set aside the settlement agreement, Wife asserted that she "was under the influence of a drug that affected her regular medications * * * [and] [a]s a direct and proximate result, [Wife] was not able to fully comprehend the import of this settlement suggested on the record." In addition, Wife submitted an affidavit stating that the drug caused her to not "comprehend what [she] agreed to until later." We note that the "[e]ssential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." (Internal quotations and citations omitted.) *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16. Thus, a person who challenges his or her contractual capacity is challenging the existence of the contract. As Wife's argument raises issues concerning her contractual capacity and, thus, the existence of a settlement agreement in the first place, the trial court was required to hold an evidentiary hearing. *Rulli*, 79 Ohio St.3d at syllabus; *see Warren v. Warren*, 10th Dist. No. 10AP-837, 2011-Ohio-3083, ¶ 4, 15 (concluding appellant was entitled to a continuance of the hearing so that she could present medical evidence to support her claim that she was under the influence of medications that negatively impacted her ability to understand the agreement). Moreover, Wife's motion stated the basis of her argument with sufficient specificity to put Husband on notice of the general evidentiary basis of her claim. *See Maury* at ¶ 51.

{¶6} In the instant matter, the trial court scheduled a hearing for July 6, 2011, on Wife's motions. However, there is no evidence that an evidentiary hearing was held. Instead, it appears from the judgment entry that the trial court held a meeting with the parties' counsel in chambers, at which time the trial court ordered Husband to respond to Wife's objections and

indicated that it would "rule on the other issues raised by [Wife]." Later in the same entry, the trial court dismissed all pending motions. We have no evidence that the parties agreed to waive the evidentiary hearing that the trial court was required to hold pursuant to *Rulli*, nor is there any reason to presume waiver from the record before us. In light of the foregoing, we sustain Wife's first assignment of error and remand the matter for a hearing on Wife's motion to set aside the settlement agreement.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR LEAVE FOR ADDITIONAL TIME TO RESPOND TO APPELLEE'S RESPONSE AND TO SEEK COUNSEL.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS BY FAILING TO HOLD A HEARING ON THE RECORD OR ALLOW HER TO PARTICIPATE IN STATUS CONFERENCES.

{¶7} Wife asserts in her second assignment of error that the trial court erred in failing to allow Wife leave for time to respond to Husband's response to her motion and time to seek counsel, given that Wife's counsel filed a motion to withdraw as counsel of record on July 13, 2011. Wife asserts in her third assignment of error that the trial court erred in failing to hold a hearing or failing to allow her to participate in status conferences. This Court's resolution of Wife's first assignment of error renders her remaining assignments of error moot, and, thus, we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

{¶8} In light of the foregoing, we reverse the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, and remand this matter for a hearing.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶9} I respectfully dissent. Wife appeared in open court with counsel and agreed to the terms of the settlement which the parties read into the record. At no time during that hearing did she mention that she was under the influence of any drugs. When she filed objections to the proposed judgment entry a month later, she objected solely to the terms of the agreement, not to

the propriety of its execution. It was not until three weeks later that she alleged for the first time that she had been under the influence of drugs at the time the parties read their settlement agreement into the record. Wife did not identify the drug which inhibited her capacity to enter into an agreement. Moreover, she did not raise the issue of her lack of capacity when she first filed objections to the terms of the agreement. I would conclude that Wife failed to give some indication to the trial court that she could produce some evidence to legitimately challenge the propriety of the settlement agreement. Accordingly, I would conclude that the trial court did not err by failing to hold an evidentiary hearing on the issue. *See Maury v. Maury*, 7th Dist. No. 06 CA 837, 2008-Ohio-3326, ¶ 51. I would affirm the judgment of the domestic relations court.

APPEARANCES:

MICHELLE L. SLIMAK, Attorney at Law, for Appellant.

JAMES B. PALMQUIST, Attorney at Law, for Appellee.